**IN THE COURT OF APPEALS OF IOWA**

No. 15-1941
Filed January 27, 2016

**IN THE INTEREST OF L.E., M.S., J.E.F., N.S., and J.E.F.,
Minor Children,**

**A.G., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.


　　A mother appeals the adjudication of her children as children in need of assistance. **AFFIRMED.**


　　Meegan M. Keller of Keller Law Office, P.C., Altoona, for appellant.

　　Thomas J. Miller, Attorney General, and Bruce L. Kempkes, Assistant Attorney General, for appellee.

　　Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, attorney and guardian ad litem for minor children.


　　Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother, S.H., appeals[1] the juvenile court order adjudicating her children, L.E., M.S., J.E.F., N.S., and J.E.F. in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) (2015). She claims the adjudication was not in the children's best interests. We affirm.

We review CINA proceedings de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). Although not bound by the juvenile court's factual findings, we give them weight, especially when considering the credibility of witnesses. *See In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). "The most important consideration in any CINA case is the best interest of the child." *D.D.*, 653 N.W.2d at 362. The juvenile court issued a thorough and well-reasoned ruling adjudicating the children CINA, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

The juvenile court adjudicated the children CINA pursuant to Iowa Code section 232.2(6)(c)(2). Section 232.2(6)(c)(2) applies to a child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." We may affirm if we find clear and convincing evidence supports the grounds cited by the juvenile court. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

The mother does not directly claim the adjudication was improper under section 232.2(6)(c)(2); she instead argues, in general terms, the adjudication was

---

[1] The father of L.E., M.S., and N.S. does not appeal the adjudication. The father of J.E.F. and J.E.F. does not appeal the adjudication.

not in the best interests of the children. Regardless of how the mother has framed her argument, we find clear and convincing evidence supports the district court's adjudication and the adjudication was in the children's best interests. As the juvenile court found:

> Apparently the mother is not new to the DHS [(The Department of Human Services)]. Prior to the May incidents, the mother had six "founded" or "confirmed" Child Abuse Assessments for "failure to provide proper supervision," dating back to 1997. The Assessments occurred in 1997, 2005, 2006, 2008, 2012, and 2013, and now two more in 2015. The Department also testified that the mother has a pattern, if reports are filed, to relocate from county to county or to place the children with others in order to avoid services. Either coincidentally or predictably, when the May 2015 reports were filed, the mother placed [M.S.] and [N.S.] with a family friend for several days before the father came and picked them up.
>
> The mother seems to have addressed some of the supervision issues and if this was a one-time event, the Court may feel differently. However, this is not a one-time event. There are now eight separate "founded" or "confirmed" incidents of "failure to provide proper supervision" for this family, spanning 18 years, with 7 of the findings occurring in the last 10 years. Given the number of contacts with the DHS, the repeated findings of the same thing—lack of supervision, and the repeated risks to the children, the Court is not convinced that a 4 month lapse in reporting is a guarantee of success or an indicator that the mother truly understands what proper supervision is, either when she is providing it for her children or when she is arranging others to provide it for her children.
>
> After 18 years and 6 "founded" or "confirmed" incidents of failing to provide proper supervision, these young children are still found away from home, playing by the street, without supervision, and on multiple occasions. The Court finds clear and convincing evidence that the children are likely to suffer harmful effects as a result of the parent or other household member to exercise a reasonable degree of care in supervising the children.

We affirm the juvenile court's adjudication.

**AFFIRMED.**